UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PLES ROBINSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 17-cv-406 |
| | ) | |
| COOK COUNTY, a municipal | ) | |
| corporation, | ) | The Hon. John Z. Lee, |
| THOMAS DART, Sheriff of Cook County, | ) | Judge Presiding |
| in his official capacity, | ) | |
| JOSEPH DANZEL, a Cook County | ) | The Hon. Jeffrey Cole, |
| Sheriff's Deputy, in his individual | ) | Magistrate Judge Presiding |
| capacity, | ) | |
| JOHN DOE OFFICERS, | ) | |
| Cook County Sheriff's Deputies | ) | |
| | ) | |
| Defendants. | ) | |

## SECOND AMENDED COMPLAINT

### Jurisdiction/Venue

1.     The incident giving rise to the instant Complaint began approximately on or about

November 9, 2016, in Chicago, Cook County, Illinois.

2.     The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42

U.S.C. § 1983, § 1988, the judicial code 28 U.S.C. § 1331 and § 1343(a); the Constitution of the

United States, and supplemental jurisdiction, as provided under U.S.C. § 1367(a).

3.     Venue is proper pursuant to 28 U.S.C. § 1391(b) as, upon information and belief,

all parties reside in the judicial district, and the events giving rise to the claims asserted occurred

in this district.

**Parties**

4.　At all relevant times pertaining to this occurrence, the Plaintiff, Ples Robinson, was a resident of Chicago, Cook County, Illinois, and a person who was being held in custody on electronic home monitoring, which was run, operated and controlled by the Sheriff of Cook County, Thomas Dart.

5.　At the time of the occurrences, Defendant Thomas Dart was the Cook County Sheriff, responsible by law for maintaining custody of individuals committed to the CCDOC pursuant to legal process, and was also responsible for releasing individuals from custody, including electronic home monitoring, when that legal process had terminated.  He is being sued in his official capacity.

6.　Defendant Dart had final policy making authority and was a final decision maker with respect to the operations, policies, and procedures of the CCDOC.  In taking the actions or inactions described herein, Defendant Dart acted under color of state law.

7.　In taking the actions described in this Complaint, Joseph Danzel ("Danzel") and other currently unidentified Cook County Sheriff Officers and CCDOC staff members ("John Doe Officers") (Danzel and the John Doe Officers are herein referred to collectively as "Defendant Officers") referred to herein acted under color of State law the course and scope of their employment with Defendant Dart.

8.　At all times material to this Complaint, Defendant Cook County was an Illinois municipal corporation.

9.　Defendant Cook County is the indemnifying entity for actions taken by Defendants Dart, and Dart's employees, and Defendant Cook County is being sued on an

indemnification theory, as well as joined pursuant to <u>Carver v. Sheriff of LaSalle County</u>, 324 F.3d 947 (7th Cir. 2003).

10.     At the time of the filing of this complaint, the Plaintiff is not in the custody of any penal institution.

11.     The Plaintiff was charged with felony driving on a suspended license, along with other traffic tickets and a misdemeanor, and held in custody on electronic home monitoring by the Cook County Sheriff's Office from on or about October 13, 2016 to November 9, 2016, when his criminal case (16112128601) was dismissed pursuant to a *nolle prosequi* order.

12.     After the entry of the November 9, 2016 dismissal order, the Plaintiff should have been promptly – that same day at a minimum – released from electronic home monitoring, however, he was not.

13.     Despite repeated notification to the Defendant Officers that he was being held illegally and without justification, these Defendant Officers failed to promptly release the Plaintiff from electronic home monitoring.

14.     These notifications that the Plaintiff was being held illegally, made to the Defendant Officers, came from the Plaintiff himself, but also from others, including but not necessarily limited to, his assistant public defender, yet the Plaintiff's requests to be immediately released from electronic home monitoring custody went ignored by the Defendant Officers.

15.     The Plaintiff was not released from electronic home monitoring until on or about November 29, 2016.

**Other Instances of Similar Deprivation**

16.     Juan Alvarez was placed on electronic monitoring administered by the Cook County Sheriff's Office. After he was ordered released from electronic monitoring, he was not

released until over a week later, due to the deliberate indifference of the Cook County Sheriff's Office.

17.     Lamont Bell was ordered to be released from electronic monitoring.  In spite of making the Cook County Sheriff's Department immediately aware that his case had been dismissed, he was not released for several days, due to the deliberate indifference of the sheriff's office.

18.     Leonard Miles, upon being charged of retail theft, was placed on electronic monitoring administered by the Cook County Sheriff's Office. He remains on electronic monitoring as of this writing.  Mr. Miles received a court order that he be allowed to travel to and from his place of employment; however, due to the deliberate indifference of the Cook County Sheriff's Office, he was never given an allowance to travel to work, which caused him to be fired.

### Additional Allegations

19.     The unreasonable delay in the release of the Plaintiffs from custody was pursuant to an official policy, practice and /or custom of Defendant Dart.

20.     At all times material to this Complaint, the policy practice and/or custom followed by Dart was a moving force and direct cause of the violations of the Plaintiff's Constitutional rights.

21.     At all times material to this Complaint, Defendant Dart knew and/or was deliberately indifferent to the Fourth and Fourteenth Amendment Constitutional rights of the Plaintiff who was unreasonably delayed in his release from electronic home monitoring after the legal matter that formed basis for his detention had expired.

22.     At the time of the Plaintiff's unreasonable delay in being released from electronic home monitoring custody, Defendant Dart had one or more interrelated *de facto* policies, practices, and/or customs and/or personally knew about these deficiencies and these widespread practices:

(a) Dart failed to provide and maintain a reliable CCDOC computer data system, or back up records system, with readily accessible information needed for the release of CCDOC detainees/inmates from home monitoring whose basis for commitment to the Sheriff's custody had expired;

(b) Dart failed to sufficiently train CCDOC staff in the procedures and use of record systems in place (computer or otherwise) at the CCDOC that were needed to secure the timely release of those detainees/inmates whose legal basis for detention via electronic home monitoring had expired, and/or failed to have a sufficient number of properly trained CCDOC staff on duty or otherwise available to timely accomplish said release;

(c) Dart failed to maintain a system of auditing the reliability and functionality of the record systems in place at the CCDOC that were needed to secure the timely release of those detainees/inmates whose legal basis for detention via electronic home monitoring had expired, and/or failed to have a sufficient number of properly trained CCDOC staff on duty or otherwise available to timely accomplish said release.

23.     The aforementioned policies, practices, and/or customs and/or Dart's deliberate indifference to these problems was the "driving force" and cause of the violations of the Fourth, and Fourteenth Amendment rights of individuals, including the Plaintiff, and resulted in his injuries.

24.     The Plaintiff and his Public Defender repeatedly informed the Defendant Joseph Danzel and the Defendant John Doe Cook County Correctional Officers that the trial judge had ordered him released from electronic monitoring, placing those officers on notice of his deprivation, but the Defendant Officers did not take action to release him, though they had the power to do so.

25.     The Plaintiff also brings this lawsuit against those Defendant Officers, who knew the Plaintiff was being illegally detained by the Cook County Sheriff's Department, had the power and duty to release the Plaintiff rom his illegal detention, but failed to take any action to correct this illegal detention, the result of which being that the Plaintiff spent approximately 20 days on electronic home monitoring past when he should have been released.

### COUNT I – 42. U.S.C. § 1983 MONELL
(Plaintiffs vs Defendant Thomas Dart)

26.     Plaintiff re-alleges the aforementioned paragraphs, and incorporates them herein as if stated in full.

27.     In taking the actions described above, under color of law, Defendant Dart was deliberately indifferent and caused Plaintiffs to be unreasonable seized and restrained of his freedom and liberty in violation of the Fourth and Fourteenth Amendments to the U.S. Constitution, as secured by 42. U.S.C. § 1983, and was a direct and proximate cause of the Plaintiff's injuries, including a loss of liberty, and emotional distress.

WHEREFORE, the Plaintiff demands compensatory damages against Defendant Dart, plus the costs of this action, attorney's fees and any such other and additional relief as this Court deems equitable and just.

### COUNT II – 42. U.S.C. § 1983 Fourth Amendment Violation
(Plaintiff vs Joseph Danzel, Defendant John Doe Officers in their Individual Capacities)

28.      Plaintiff re-alleges the aforementioned paragraphs, and incorporates them herein as if stated in full.

29.      In taking the actions described above, under color of law, Defendant Officers were deliberately indifferent and caused Plaintiffs to be unreasonably seized, and restrained of his freedom and liberty in violation of the Fourth and Fourteenth Amendments to the U.S. Constitution, as secured by 42. U.S.C. § 1983, and was the direct and proximate cause of the Plaintiff's injuries, including a loss of liberty, and emotional distress.

WHEREFORE, the Plaintiff demands compensatory damages against Defendant Officers, plus punitive damages, the costs of this action, attorney's fees and any such other and additional relief as this Court deems equitable and just.

Count III – State Law Claim of False Imprisonment
(Plaintiff Against Defendant Thomas Dart)

30.      Plaintiff re-alleges the aforementioned paragraphs, and incorporates them herein as if stated in full.

31.      In taking the actions described above, Defendant Dart and/or his employees, acting within the course and scope of their employment with Defendant Dart, caused the Plaintiff to be unreasonable seized and held against his will and restrained of his freedom and liberty, and thus were a direct and proximate cause of the Plaintiff's injuries, including a loss of liberty, and emotional distress.

32.      Because in taking the actions described above, Defendant Dart's employees were acting within the course and scope of their employment with Defendant Dart, he is liable based on the theory of *respondeat superior*.

WHEREFORE, the Plaintiff demands compensatory damages against Defendant Dart, plus the costs of this action, and additional relief as this Court deems equitable and just.

COUNT IV – Negligence
(Plaintiff Against Defendant Thomas Dart)

33.     Plaintiff re-alleges the aforementioned paragraphs and incorporates them herein as if stated in full.

34.     The Defendant Thomas Dart and/or his employees, who were acting within the course and scope of their employment, had a duty of care to keep adequate records of electronic monitoring recipients, and to promptly release the Plaintiff from electronic monitoring when instructed to do so by a court order.

35.     The Defendant Thomas and/or his employees, who were acting within the course and scope of their employment, breached that duty of care by negligently failing to keep adequate records of electronic monitoring recipients, and failing to promptly release the Plaintiff from electronic monitoring when instructed to do so by a court order.

36.     These acts and omissions were the direct and proximate cause of the Plaintiff's injuries, described more fully above.

37.     Because in taking the actions described above, Defendant Dart's employees were acting within the course and scope of their employment with Defendant Dart, he is liable based on the theory of *respondeat superior*.

38.     This Count is brought in the alternative to the preceding Counts and should not be interpreted as an admission by the Plaintiff that the Defendants acted with mere negligence.

WHEREFORE, the Plaintiff demands compensatory damages against Defendant Dart, plus the costs of this action, and additional relief as this Court deems equitable and just.

COUNT V – Illinois State Claim of Indemnification under 745 ILCS 10/9-102 and 55 ILCS 5/5-1002
(Plaintiff vs County of Cook)

39.     Plaintiff re-alleges the aforementioned paragraphs, and incorporates them herein as if stated in full.

40.     Defendant Cook County is the indemnifying entity for the actions, described above, of Defendant Dart and/or Defendant Officers, who took their actions while acting under color of law.

WHEREFORE, should Defendant Thomas Dart or any of his agents and/or employees be found liable on one or more of the claims set forth above, the Plaintiff demands that Defendant Cook County be found liable under 745 ILCS 10/9-102 and 55 ILCS 5/5-1002 for any judgment Plaintiffs obtains thereon.

**PLAINTIFF DEMANDS TRIAL BY JURY.**

Respectfully submitted,

/s/ Richard Dvorak
Richard Dvorak,
One of the Attorneys for the Plaintiff

Richard Dvorak
DVORAK LAW OFFICES, LLC
6262 Kingery Highway, Suite 305
Willowbrook, IL 60527
(312) 593-7146 (phone)
richard.dvorak@civilrightsdefenders.com